UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GREGORIO VELASCO AVILA, on
behalf of himself, FLSA Collective
Plaintiffs and the Class,

          **MEMORANDUM AND ORDER**
          Case No. 18-CV-4795-FB-TAM

        Plaintiff,

    -against-

ARDIAN CORP. d/b/a TAVERNA
KYCLADES, MACCG LLC d/b/a
TAVERNA KYCLADES, TK BELL
LLC d/b/a TAVERNA KYCLADES,
ARDIAN SKENDERI, and CATERINA
SKENDERI,

        Defendants.

------------------------------------------------x

*Appearances:*

| *For the Plaintiff:* | *For the Defendants:* |
|---|---|
| C.K. LEE | VINCENT AVERY |
| Lee Litigation Group, PLLC | FordHarrison, LLP |
| 148 West 24th Street, Eighth Floor | 366 Madison Avenue, Seventh Floor |
| New York, New York 10011 | New York, New York 10017 |

**BLOCK, Senior District Judge:**

      Gregorio Velasco Avila alleges that his former employer failed to pay him

in accordance with the federal Fair Labor Standards Act ("FLSA") and the New

York Labor Law.   The Court previously denied his motion to certify his state-law

1

claims as a class action, finding that some of those claims raised common issues of law and fact, but that individual issues regarding hours worked and wages owed predominated over those issues.  *See Avila v. Ardian Corp.*, 2022 WL 3370024 (E.D.N.Y. Aug. 16, 2022).  Avila now moves to conditionally certify his FLSA claims as a collective action.

A collective action under the FLSA differs from a class action "because plaintiffs become members of the collective only after they affirmatively consent to join it."  *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016).  Unlike Rule 23's "rigorous analysis," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 350-51 (2011), the FLSA allows conditional certification "if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law."  *Glatt*, 811 F.3d at 540.  The only effect of conditional certification is that a notice is sent to potential plaintiffs, who must then opt into the collective action.  *See id.*  If, "with the benefit of additional factual development," the district court determines that the opt-in plaintiffs are not similarly situated to the named plaintiff, it may de-certify the collective action.  *Id.*

The defendants dispute that Avila has satisfied his burden.  In particular, they object that he seeks to include employees of two other locations where he did

not work.   Those locations, they argue, were under different ownership and management and had distinct pay practices.

As the Court previously noted in connection with class certification, there is evidence that, despite different ownership and management, a single individual set the wage policies at all three locations.   *See Avila*, 2022 WL 3370024, at *2. Moreover, defendants' own records show "that employees were uniformly paid in whole-hour increments until a time-clock was introduced in June 2016[,] that no employee ever received a spread-of-hours premium, and that defendants never recorded a tip credit for tipped employees."   *Id.*   That evidence satisfied Rule 23's commonality requirement because it supported Avila's claim that his experience "ar[o]se out of generally applicable pay policies"   *Id.* at *3.   It is, *a fortiori,* sufficient to make the "modest factual showing" of a common policy for a collective action.

Accordingly, Avila's motion for conditional certification is granted.   The Court approves the proposed notice attached as Exhibit A to his motion. Defendants shall make available to Avila's counsel all information necessary to send the notice to potential opt-in plaintiffs.   Any further disputes concerning the notice shall be addressed, in the first instance, to the assigned magistrate judge. *See Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y 2010) (noting that

conditional certification "concerns a non-dispositive pretrial matter").

**SO ORDERED.**


/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 6, 2023